**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4206
_____

LUDJI GEORGESKY DESROCHES,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A055-734-653)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2017
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: June 23, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ludji Desroches, a citizen of Haiti, petitions for review from a decision of the Board of Immigration Appeals ("BIA"). For the reasons below, we will deny the petition.

Desroches was admitted to the United States in 2002 as a lawful permanent resident. In 2008, Desroches was convicted of several New Jersey drug crimes, including distribution of cocaine, in violation of N.J. Stat. Ann. § 2C:35-5(a)(1). R. 584. The Government charged him as removable for having been convicted of an aggravated felony (illicit trafficking of a controlled substance) and for having been convicted of a controlled substance violation. Desroches filed an application for asylum, withholding, and relief under the Convention Against Torture ("CAT"), claiming that he would be subject to mistreatment in Haiti based on his political opinion and his status as a criminal deportee.

In her initial decision, the Immigration Judge ("IJ") attempted to sustain the removability charge based on the alleged aggravated felony violation. R. 153. In that decision, the IJ also concluded that Desroches could be considered only for withholding of removal or relief under CAT. See R. 155. She denied such relief. Desroches appealed to the BIA, challenging whether the applicable New Jersey drug crime was an aggravated felony. The BIA remanded the case because Desroches's basis for removability was not properly sustained on the record. R. 87. Following remand, the IJ sustained Desroches's removability based both on the aggravated felony and controlled substance charges. R. 71. Desroches again appealed to the BIA, claiming the IJ violated

2

due process on remand when she did not allow him to present additional evidence for relief.

On appeal, the BIA addressed the claims that Desroches raised in his first BIA appeal. First, Desroches had challenged whether his distribution conviction was categorically an aggravated felony on the grounds that New Jersey uses a broader attempt definition than the corresponding federal statute. The BIA rejected the argument, concluding that the pertinent documents did not support a claim that he was convicted for mere solicitation or preparation. See R. 5 & 584 (reflecting conviction for distribution of cocaine). The BIA also rejected an additional argument that Desroches raised about whether his conviction qualified as a controlled substance offense. R. 6.

Finally, the BIA rejected Desroches's claim that he was denied due process after remand. The BIA determined that Desroches failed to state on what basis he intended to seek relief after remand. Further, the BIA concluded that any error was harmless because Desroches's aggravated felony made him ineligible for relief such as cancellation and voluntary departure. The BIA also noted that Desroches had not meaningfully appealed the IJ's determination on his claims of asylum, withholding, and protection under CAT.

Because of the bases for Desroches's removability, this Court is limited to reviewing only constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Pieschacon-Villegas v. Att'y Gen., 671 F.3d 303, 309-10 (3d Cir. 2011). Arguments that are not raised in his brief are waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); see also Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from the requirement to raise and argue issues on appeal).

3

In his informal brief, Desroches alleges error based on claims that the IJ did not inform him about "other reliefs I could have been eligible for" or the basis for his removal. He also relies on family hardship in arguing for relief from this Court. Desroches, however, does not address the BIA's removability determination or its conclusion that he had not meaningfully appealed the IJ's decision regarding asylum, withholding of removal, or protection under the CAT.

To the extent that Desroches raises a constitutional due process claim about the IJ's alleged failure to inform to him about his eligibility for other forms of relief, the BIA addressed this claim, noting any error was harmless since Desroches did not identify any potential grounds for relief. We agree and note that he does not state any basis for relief in his informal brief. Desroches's claim that he was not informed about the reason for his removal is belied by the record, which is discussed above and reflects his conviction for distribution of cocaine. Next, Desroches's claim of family hardship does not raise a constitutional or legal basis upon which we can grant him relief. Finally, we decline to otherwise address the BIA's dispositive determinations about removability, asylum, withholding, and protection under the CAT because Desroches has not challenged those rulings in his brief.

For the reasons above, Desroches's petition for review is denied.